**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3098 |

**RESPONSE OF PLAINTIFFS SCHUTZ, VOGEL, AND MULLEN IN
OPPOSITION TO MOTION FOR TRANSFER AND CONSOLIDATION**

**I.    INTRODUCTION**

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen (together, "Plaintiffs") (plaintiffs in *Schutz, et al. v. 23andMe, Inc.*, Case No. 3:23-cv-05579-EMC (N.D. Cal.)), by and through their undersigned counsel, submit this response in opposition to Defendant 23andMe, Inc.'s ("23andMe") Motion for Transfer and Consolidation of Defendant 23andMe, Inc. Litigation Pursuant to 28 U.S.C. § 1407 ("Motion" or "Mot."), and any subsequent "tag along" cases involving similar claims. Currently, 34 actions from three (3) districts have been related into this MDL (the "Related Actions"). *See* Corrected Schedule of Actions, ECF No. 3; Notice of Related Actions, ECF No. 13. Plaintiffs believe that transfer and consolidation is unnecessary here, as the actions can be consolidated informally due to the limited number of actions outside of the Northern District of California. Should the Panel centralize the actions, Plaintiffs believe that the Northern District of California is the best forum for consolidation.

**II.    ARGUMENT**

**A.  Section 1407 Centralization is Unnecessary**

Of the 34 Related Actions, only three (3) are pending outside of the Northern District of California. *See* Corrected Schedule of Actions, ECF No. 3; Notice of Related Actions, ECF No. 13. The Panel has stated, "[w]here there are only a limited number of actions and the involved

parties are amenable to Section 1404 transfer, such transfer is generally preferable to centralization under Section 1407." *In re: Gaiam, Inc., Water Bottle Mktg., Sales Pracs. & Prod. Liab. Litig.,* 672 F. Supp. 2d 1373, 1374-75 (J.P.M.L. 2010)

The actions in the Northern District of California have all been related and are now all before or have been referred to the same judge, the Honorable Edward M. Chen. *See Santana, et al. v. 23andMe, Inc.*, No. 3:23-cv-05147-EMC, ECF Nos. 20, 24, 27, 45, 46, 49. Indeed, the parties recently filed a Joint Case Management Statement before that Court. *See id.*, ECF No. 54. Additionally, transfer of the out-of-district cases pursuant to 28 U.S.C. § 1404 should not pose any jurisdictional issues, as all of those cases name only 23andMe as a defendant. *See* Corrected Schedule of Actions, ECF No. 3; Notice of Related Actions, ECF No. 13. As "centralization under Section 1407 should be the last solution after considered review of all other options," the Panel should deny the motion for centralization pursuant to 28 U.S.C. § 1407 and encourage the parties to transfer the cases pending outside of the Northern District of California to the Northern District of California under 28 U.S.C. § 1404. *In re Best Buy Co.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

### B. Should the Court Centralize the Actions, the Northern District of California is the Best Forum

Should the Court choose to centralize the Related Actions, Plaintiffs concur with 23andMe's position that the Northern District of California is the optimal transferee forum. As noted previously, 31 of the 34 Related Actions are pending in the Northern District of California. *See* Corrected Schedule of Actions, ECF No. 3; Notice of Related Actions, ECF No. 13. 23andMe's principal place of business is located within the Northern District of California, meaning that the affected databases and the majority of relevant documents, witnesses, and other evidence relating to 23andMe's data security are likely located in the Northern District of

California. In addition, the judges in the Northern District of California are highly experienced in managing MDLs. The Northern District of California is the ideal forum for centralization if the Panel chooses to centralize the actions.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiffs Michael Schutz, Cody Vogel and Eileen Mullen request that the Panel deny 23andMe's Motion for Transfer and Consolidation. Should the Court grant the motion, Plaintiffs believe that the Northern District of California is the best transferee forum.

Respectfully submitted,

Dated:  January 18, 2024

/s/ Matthew B. George
Matthew B. George

Laurence D. King
Matthew B. George
Blair E. Reed
**Kaplan Fox & Kilsheimer LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel: (415) 772-4700
Fax: (415) 772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
breed@kaplanfox.com

Ben Barnow
Anthony L. Parkhill
**Barnow and Associates, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

*Counsel for Plaintiffs Michael Schutz, Cody Vogel,
and Eileen Mullen*